# In the United States Court of Federal Claims

TORO DEFENSE CONTRACTING, LLC

        Plaintiff,

v.

THE UNITED STATES

        Defendant.

25-777C

Case No. _____

Judge  _____

## COMPLAINT

1. **JURISDICTION.** This action, and the claims set forth in this Complaint, arise under Acts of Congress, and regulations thereunder of. The United States Court of Federal Claims has limited jurisdiction under U.S. Title 48 the Code of Federal Acquisition Regulation (FAR), § 33.211 Contracting Officer's Decision, §§ (a)(4)(2) and under the Contract Disputes Act of 1978, 41 U.S.C. §§ 7101-7109. Plaintiff files this claim *de novo* in federal court under the Contract Disputes Act of 1978, 41 U.S.C. §§ 7104(b).

2. **PARTIES.** Plaintiff, Toro Defense Contracting, LLC, is a Service-Disabled, Veteran-Owned Small Business and an 8(a)-certified DBE, which resides at 214 East Goode Street, Quitman, Texas 75783-2533, 409-791-3800.

3. **PREVIOUS LAWSUITS.** No other previous lawsuits in the United States Court of Federal Claims have been filed by Plaintiff.

4. **STATEMENT OF THE CLAIM.** Plaintiff is a federal contractor, as defined by the Contract Disputes Act of 1978, 41 U.S.C. §§ 7107(7), specializing in infrastructure construction work. U.S. Department of the Army, Mission Installation Contracting Command (MICC) awarded Plaintiff a construction contract to install an exterior crane building at Building 2454 in Fort Sill,

Received - USCFC

MAY 0 5 2025

Oklahoma, Contract No. W9124L22C0004 on 26-Sep-2022. During the design phase, the Government engaged in numerous admitted delays, while refusing to grant additional delay days or costs to Plaintiff. Later, during construction operations, Plaintiff encountered various laten site conditions (*i.e.*, ground water) refusing to grant additional delay days and costs to Plaintiff. Plaintiff submitted several REAs (requests for equitable adjustment) for both delay days and costs, all of which were denied by the MICC Contracting Officer (KO), as defined by the Contract Disputes Act of 1978, 41 U.S.C. §§7101(6). Plaintiff filed a request for equitable adjustment and its Claim Certification (04-Nov-2024) under §§ 7103, which was denied by the KO as well. After the completion of the project, the KO further assessed liquidated damages for the time overruns.

5. **RELIEF**. Plaintiff seeks relief afforded under the contract which incorporates by reference certain FAR clauses for construction contracts as specifically stated in the contract. On 04-Nov-2024, Plaintiff submitted a certified claim and request for a contracting officer's final decision in the amount of $447,882.07 – which included demand for the remission of liquidated damages ($151,640.36) and for differing site conditions ($296,241.71) or such other amount as may be legally sufficient, plus interest as provide by law, and such other relief as the Court may deem just and proper.

Respectfully submitted,

Michael Evangelista-Ysasaga
ATTORNEYS FOR TORO DEFENSE, LLC
State Bar No. 24009301
**EY Law, PLLC**
222 N Expressway, Brownsville, TX 78521
+1 (956) 306-0234  |  Office
+1 (956) 755-7004  |  Direct Dial
michael@eylawpllc.com
www.eylawpllc.com